IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JEFFREY GREEN<br><br>    Plaintiff,<br><br>v.<br><br>LOWE'S COMPANIES INC.<br><br>    Defendant. | CA No.:<br><br>JURY DEMANDED |

## COMPLAINT

TO THE HONORABLE COURT:

    Plaintiff Jeffrey Green complains of Defendant Lowe's Companies, Inc. and for cause of action would show the Court as follows:

## INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2. Plaintiff files this action against Defendant for its race discrimination violation under 42 U.S.C. § 1981.

## PARTIES

3. Plaintiff Jeffrey Green ("Green" or "Plaintiff") is an individual who resides in Harris County, Texas.

4. Defendant Lowe's Companies Inc. ("Lowes" or "Defendant") is a corporation engaged in interstate commerce and employees more than fifteen (15) regular employees. Defendant, is a non-Resident Corporation and can be served by serving its registered agent and can be

served by serving its registered agent, Corporation Service Company, DBA CSC- Lawyers Incorporating Service Company, 701 Brazos, Suite 1050 Austin, Texas 78701-3232.

## 5. VENUE

6. Venue is appropriate in the United States District Court for the Southern District of Texas, Houston Division because the events or omissions giving rise to the matter in controversy occurred in this district and because Defendant has substantial contacts within this district. Venue is proper in this Court under 28 U.S.C. § 1391.

## JUSRISDICION

7. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, under 28 U.S.C. §1331 and 42 U.S.C. § 1981.

8. The unlawful employment practices were committed within the jurisdiction of this Court.

## CONDITIONS PRECEDENT

9. No administrative exhaustion or other conditions precedents are required prior to the filing of claims under 42 U.S.C. § 1981.

## FACTS

10. Jeffrey Green is an African American male.

11. Lowes employed Mr. Green as a Loss Prevention and Safety Specialist in 2013. Green performed so well at his job that Defendant promoted Green to Loss Prevention and Safety Specialist Manager. Ultimately and unfortunately for Green, his wife became terminally ill and he asked to be demoted to his previous position of specialist so he would have more time to care for his wife.

12. In his position as Loss Prevention and Safety Specialist, Green had no authority or special authority over the workers in his store. In fact, Green shared an office space with his manager without any privacy.

13. Defendant approached Green and informed him that two different CSA (Customer Service Associates) had said that Green hugged them. Later, Defendant characterized the actions as sexually inappropriate without any substantiation.

14. Many employees of Defendant hugged when they saw each other. In fact, the Human Resources investigator at Plaintiff's store met him before they worked together when she was having an affair with married co-worker of Plaintiff's and continued to hug Plaintiff at work. This same Human Resources employee has subsequently been fired by Defendant.

15. The individuals that Plaintiff allegedly hugged inappropriately, hugged Plaintiff themselves off site at an out of work party.

16. The individuals who falsely complained about Plaintiff asking them to his "ranch" mischaracterized his requests to Defendant. Plaintiff always invited others, particularly those with children, to his ranch as he had horses for them to ride. Plaintiff even invited spouses.

17. The individuals who falsely complained about did so to protect themselves as their jobs were in jeopardy for employment violations, including but not limited to, physical fighting.

18. Plaintiff did not hug or touch any employee of Defendant's inappropriately. Plaintiff did not touch any adult child of Defendant's employee inappropriately. Plaintiff acted with his co-workers as they did and according to their work culture.

19. Defendant informed Plaintiff in his termination letter that they had complaints about Plaintiff over the past year yet Defendant wholly failed to address those complaints with Plaintiff.

20. Caucasian, Non-African American employees of Defendant were accused of sexual harassment and not fired.

21. Defendant replaced Plaintiff with a Caucasian, Non-African American employee.

22. Defendant failed to properly investigate the false allegations against Plaintiff.

23. Defendant failed to provide the videotape of the alleged false encounters with Plaintiff. Plaintiff reserves his right to seek a spoliation jury charge on this issue.

24. Defendant discriminated against Plaintiff in violation 42 U.S.C. § 1981 based on his race.

25. . **CAUSES OF ACTION**

### I.
### *RACE DISCRIMINATION 42 U.S.C. § 1981.*

26. Plaintiff hereby incorporates and realleges each and every paragraph of the facts.

27. Defendant has discriminated against Plaintiff in the terms and conditions of Plaintiff's employment because of Plaintiff's race. Plaintiff was subjected to discriminatory treatment that resulted in his unlawful termination on the basis of her race, in violation of 42 U.S.C. § 1981.

28. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless, and/or conducted in callous disregard of the rights of Plaintiff – entitling Plaintiff to punitive damages.

29. As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer harm, including but not limited to: lost employment opportunities, lost wages, lost back pay and front pay, lost benefits, and attorneys' fees and costs. Plaintiff is entitled to recover such

monetary and other damages, punitive damages, interest, and attorneys' fees and costs from Defendant under 42 U.S.C. § 1981.

30. As a further result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer impairment to her name and reputation, humiliation, embarrassment, emotional distress, and mental anguish. Plaintiff is entitled to recover damages for such injuries form the Defendant under 42 U.S.C. § 1981.

## DAMAGES

31. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered loss of wages, both in the past, present, and future, as well as compensatory damages, including but not limited to emotional distress.

## ATTORNEY'S FEES

32. Defendant's action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of ROSENBERG & SPROVACH, 3518 Travis Street, suite 200, Houston, Texas 77002 in initiating this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees. An award of reasonable and necessary attorney's fees to Plaintiff would be equitable and just and therefore authorized by Section 37.009 of the Civil Practice and Remedies Code.

## JURY DEMAND

33. Plaintiff hereby re-states her request for a jury trial.

## PRAYER

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer herein, and then on final hearing, Plaintiff have judgment as follows:

a. Judgment against Defendant, for actual damages sustained by Plaintiff as alleged herein;

b. Judgment against Defendant, for back pay lost by Plaintiff as alleged herein;

c. Judgment against Defendant, for front pay by Plaintiff as alleged herein;

d. Grant Plaintiff general damages for the damage to Plaintiff's reputation;

e. Pre-judgment interest at the highest legal rate;

f. Post-judgment interest at the highest legal rate until paid;

g. Compensatory damages;

h. Attorney's fees;

i. All costs of court expended herein;

j. Such other and further relief, at law or in equity, general or special to which Plaintiff may show Plaintiff justly entitled.

Respectfully submitted,

*/s/ Ellen Sprovach*
Ellen Sprovach
Attorney-in-Charge for Plaintiff
USDC SD/TX No. 22202
Texas State Bar ID 24000672
Ellen@rosenberglaw.com

ROSENBERG & SPROVACH
3518 Travis Street, Suite 200
Houston, Texas 77002
(713) 960-8300
(713) 621-6670 (Facsimile)

OF COUNSEL:
ROSENBERG & SPROVACH                    ATTORNEYS FOR PLAINTIFF